**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____
                                                  )
**PHILADELPHIA INSURANCE INDEMNITY**  )
**CO.,** *et al*                                         )
                                                  )
            **Plaintiffs,**                     )
                                                  )  **Case No. 1:05-CV1005**
    **v.**                                           )
                                                  )  **JUDGE LAMBERTH**
**PERMANENT SOLUTION INDUSTRIES,**    )
**INC.,** *et al.*                                      )
                                                 )
            **Defendants.**                 )
_____ )

**DEFENDANT SIEMENS BUILDING TECHNOLOGIES, INC.'S ANSWER TO
PLAINTIFFS' AMENDED COMPLAINT AND CROSS-CLAIM
<u>AGAINST DEFENDANT PERMANENT SOLUTIONS, INC.</u>**

Defendant Siemens Building Technologies, Inc. (hereinafter "SBT"), by and through undersigned counsel, as and for its Answer to plaintiffs' Amended Complaint, states the following upon information and belief:

**<u>FIRST DEFENSE</u>**

Plaintiffs' claims are, or may be, barred, in whole or in part, by the applicable statutes of limitations.

**<u>SECOND DEFENSE</u>**

Plaintiffs' causes of action, if any, fail to state claims upon which relief may be granted.

**<u>THIRD DEFENSE</u>**

Plaintiffs' claims are or may be barred of the doctrines of Release, Waiver, Estoppel, and/or Latches.

**<u>FOURTH DEFENSE</u>**

Plaintiffs have failed to mitigate their damages, if any.

31110.1

**FIFTH DEFENSE**

The alleged damages, if any, are or may be due to the actions of others for which SBT is not liable.

**SIXTH DEFENSE**

SBT is, or may be, entitled to a set-off of any damages allegedly incurred by the plaintiffs.

**SEVENTH DEFENSE**

If the plaintiffs were damaged as alleged, such damages were caused by the superseding and/or intervening acts and/or omissions of a person or persons over whom SBT had no control.

**EIGHTH DEFENSE**

If plaintiffs sustained damages as alleged, such damages were not caused or proximately caused by any acts and/or omissions of SBT, its agents, or employees.

**NINTH DEFENSE**

Plaintiffs' contract based claims against SBT are barred by lack of privity.

**TENTH DEFENSE**

Plaintiffs' claims and causes of action are or may be barred by their own contributory negligence, or the contributory negligence of those through whom plaintiffs bring this action.

**ELEVENTH DEFENSE**

Plaintiffs' claims and causes of action are or may be barred by their assumption of the risk, or the assumption of the risk by those through whom plaintiffs bring this action.

<b>TWELFTH DEFENSE</b>

If plaintiffs incurred any damages as alleged in the Amended Complaint, such damages were incurred wholly as a result of modification of the product/s identified in the Amended

Complaint without any negligence, strict products liability, or breach of warranty on behalf of SBT.

## THIRTEENTH DEFENSE

The conditions complained of were open and obvious.

## FOURTEENTH DEFENSE

SBT reserves the right to supplement this Answer, including affirmative defenses, should additional information be discovered during this litigation.

## FIFTEENTH DEFENSE

Answering separately, and in correspondingly numbered paragraphs, the allegations set forth in the Amended Motion for Judgment, SBT states as follows:

1.      Defendant SBT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and demands strict proof thereof.

2.      Defendant SBT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and demands strict proof thereof.

3.      Defendant SBT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and demands strict proof thereof.

4.      SBT admits that it is a Delaware corporation with its principal place of business in Illinois.  SBT denies the remaining allegations of this paragraph.

5.      The allegations concerning jurisdiction in this paragraph are legal conclusions of the Plaintiffs to which no response is required.  To the extent that a response is required, SBT admits that it is a Delaware corporation with its principal place of business in Illinois.  SBT is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and demands strict proof thereof.

31110.1

6. The allegations concerning venue in this paragraph are legal conclusions of the Plaintiffs to which no response is required. To the extent that a response is required, SBT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and demands strict proof thereof.

7. Defendant SBT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and demands strict proof thereof.

8. The allegations concerning jurisdiction in this paragraph are legal conclusions of the Plaintiffs to which no response is required. To the extent that a response is required, SBT admits only that it entered into a contract with PSI by which SBT agreed to perform limited and specific service functions. SBT denies any and all additional allegations contained within this paragraph.

9. Defendant SBT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and demands strict proof thereof.

10. Defendant SBT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and demands strict proof thereof.

11. Defendant SBT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and demands strict proof thereof.

12. Defendant SBT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and demands strict proof thereof.

13. Defendant SBT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and demands strict proof thereof.

31110.1

14.    SBT admits only that it entered into a contract with PSI by which SBT agreed to perform limited and specific service functions.  SBT denies any and all additional allegations contained within this paragraph.

15.    SBT admits only that it entered into a contract with PSI by which SBT agreed to perform limited and specific service functions.  SBT denies any and all additional allegations contained within this paragraph.

16.    SBT admits only that it performed a preliminary investigation into this incident.  SBT is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and demands strict proof thereof.

17.    SBT admits only that it performed a preliminary investigation into this incident.  SBT is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and demands strict proof thereof.

18.    Denied.

19.    Defendant SBT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and demands strict proof thereof.

20.    Defendant SBT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and demands strict proof thereof.

21.    Denied.

**AS AND FOR AN ANSWER TO PLAINTIFFS' FIRST CAUSE OF ACTION**

22.    SBT hereby adopts and incorporates its responses to all prior paragraphs of plaintiffs' Amended Complaint as if set forth herein in their entirety.

23.    The allegations in this paragraph are addressed towards another defendant and, as such, no response by SBT is necessary.  To the extent that a response is deemed necessary, SBT

31110.1

- 6 -

is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

24.     The allegations in this paragraph are addressed towards another defendant and, as such, no response by SBT is necessary. To the extent that a response is deemed necessary, SBT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

25.     The allegations in this paragraph are addressed towards another defendant and, as such, no response by SBT is necessary. To the extent that a response is deemed necessary, SBT admits only that it performed a preliminary investigation into this incident. SBT is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and demands strict proof thereof.

26.     The allegations in this paragraph are addressed towards another defendant and, as such, no response by SBT is necessary. To the extent that a response is deemed necessary, SBT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

27.     The allegations in this paragraph are addressed towards another defendant and, as such, no response by SBT is necessary. To the extent that a response is deemed necessary, SBT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

28.     The allegations in this paragraph are addressed towards another defendant and, as such, no response by SBT is necessary. To the extent that a response is deemed necessary, SBT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

29. The allegations in this paragraph are addressed towards another defendant and, as such, no response by SBT is necessary. To the extent that a response is deemed necessary, SBT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

30. The allegations in this paragraph are addressed towards another defendant and, as such, no response by SBT is necessary. To the extent that a response is deemed necessary, SBT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

31. The allegations in this paragraph are addressed towards another defendant and, as such, no response by SBT is necessary. To the extent that a response is deemed necessary, SBT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

**AS AND FOR AN ANSWER TO PLAINTIFFS' SECOND CAUSE OF ACTION**

32. SBT hereby adopts and incorporates its responses to all prior paragraphs of plaintiffs' Amended Complaint as if set forth herein in their entirety.

33. The allegations in this paragraph are addressed towards another defendant and, as such, no response by SBT is necessary. To the extent that a response is deemed necessary, SBT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

34. The allegations in this paragraph are addressed towards another defendant and, as such, no response by SBT is necessary. To the extent that a response is deemed necessary, SBT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

31110.1

## AS AND FOR AN ANSWER TO PLAINTIFFS' THIRD CAUSE OF ACTION

35. SBT hereby adopts and incorporates its responses to all prior paragraphs of plaintiffs' Amended Complaint as if set forth herein in their entirety.

36. The allegations in this paragraph are addressed towards another defendant and, as such, no response by SBT is necessary. To the extent that a response is deemed necessary, SBT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

## AS AND FOR AN ANSWER TO PLAINTIFFS' FOURTH CAUSE OF ACTION

37. SBT hereby adopts and incorporates its responses to all prior paragraphs of plaintiffs' Amended Complaint as if set forth herein in their entirety.

38. SBT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of this paragraph. SBT denies the allegations in the second sentence of this paragraph. SBT admits only that it has expertise in maintaining and repairing building operations systems that it manufactures. SBT is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

39. The allegations concerning plaintiff's status as an intended third-party beneficiary of a contract between SBT and PSI are legal conclusions of the plaintiffs to which no response is required. To the extent that a response is required, the allegations in this paragraph are denied.

40. SBT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

41. SBT is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning what another defendant did or did not report that are contained in

- 9 -

this paragraph. SBT specifically denies any and all remaining allegations contained within this paragraph.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

SBT specifically denies that plaintiffs are entitled to any recovery against SBT in connection with the incident described in the Amended Complaint.

### AS AND FOR AN ANSWER TO PLAINTIFFS' SIXTH CAUSE OF ACTION

47. SBT hereby adopts and incorporates its responses to all prior paragraphs of plaintiffs' Amended Complaint as if set forth herein in their entirety.

48. SBT s without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the "building system." The remaining allegations contained within this paragraph are denied.

49. Denied.

50. SBT is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

51. Denied.

52. Denied.

SBT specifically denies that plaintiffs are entitled to any recovery against SBT in connection with the incident described in the Amended Complaint.

31110.1

**AS AND FOR AN ANSWER TO PLAINTIFFS' SIXTH CAUSE OF ACTION**

53.     SBT hereby adopts and incorporates its responses to all prior paragraphs of plaintiffs' Amended Complaint as if set forth herein in their entirety.

54.     Denied.

55.     Denied.

56.     Denied.

SBT specifically denies that plaintiffs are entitled to any recovery against SBT in connection with the incident described in the Amended Complaint.

**AS AND FOR AN ANSWER TO PLAINTIFFS' SEVENTH CAUSE OF ACTION**

57.     SBT hereby adopts and incorporates its responses to all prior paragraphs of plaintiffs' Amended Complaint as if set forth herein in their entirety.

58.     Denied.

Any allegations not specifically admitted are hereby denied.

**WHEREFORE**, the defendant Siemens Building Technologies, Inc. demands judgment dismissing plaintiffs' Amended Complaint as to this answering defendant, together with costs and disbursements of this action including reasonable attorneys fees and further demands that the ultimate rights of the answering defendant or other defendants herein, as between themselves, be determined in this action and that the answering defendant has judgment over and against all other defendants, for all or in part of any verdict or judgment which may be obtained herein by the plaintiffs against the answering defendant, together with costs and disbursements of this action.

**JURY DEMAND**

SBT demands a jury and requests that the jury be composed of the maximum number of jurors allowed by law.

**SIEMENS BUSINESS TECHNOLOGIES, INC.'S
CROSS-CLAIM AGAINST PERMANENT SOLUTION INDUSTRIES, INC.**

Defendant/Cross-Plaintiff Siemens Building Technologies, Inc. (hereinafter "SBT"), by and through undersigned counsel, as and for its Cross-Claim against defendant Permanent Solution Industries, Inc. (hereinafter "PSI") states the following

1. Plaintiffs have filed this action against SBT and PSI alleging that either SBT or PSI, or both, are liable to them for damages as the result of a building flood that occurred within the Interstate Commercial Commission complex located at 12th Street and Constitution Avenue, N.W., in Washington D.C. on or about May 20, 2002.

2. SBT denies any and all liability for the damagers alleged in plaintiff's Amended Complaint.

**COUNT I**

**COMMON LAW CONTRIBUTION AND INDEMNIFICATION**

3. SBT incorporates by reference all prior paragraphs of its Cross-Claim and its Answer as if set forth herein in their entirety.

4. If plaintiffs incurred any damages as alleged in the Amended Complaint, such damages were the result of the active negligence of PSI, through its employees and agents, with no negligence or strict products liability on the part of SBT.

5. If SBT is held liable to the plaintiffs for any of the damages alleged in the Amended Complaint, SBT is entitled to contribution and/or indemnity from PSI as a result of PSI's sole and active negligence in causing such damages.

31110.1

## COUNT II

## BREACH OF CONTRACT/INDEMNIFICATION

6. SBT incorporates by reference all prior paragraphs of its Cross-Claim and Answer as if set forth herein in their entirety.

7. If plaintiffs incurred any damages as alleged in the Amended Complaint, such damages were the result of the actions and/or omissions on the part of PSI, through its employees and agents, which were in breach of PSI's contractual obligations to SBT.

8. If SBT is held liable to the plaintiffs for any of the damages alleged in the Amended Complaint, SBT is entitled to indemnification from PSI as a result of PSI's beach of its contractual obligations to SBT.

9. As a result of PSI's beach of its contractual obligations to SBT, SBT is entitled under the contract to recover for the costs of defending this action, including attorneys' fees.

**WHEREFORE**, Siemens Business Technologies, Inc. is entitled to recover from Permanent Solution Industries, Inc. any and all amounts for which it may be held liable to the plaintiffs, together with costs and disbursements of this action including reasonable attorneys' fees, and any additional relief that this Court deems appropriate.

Dated: June 27, 2005

                          Respectfully submitted,

                          WILSON, ELSER, MOSKOWITZ,
                           EDELMAN & DICKER LLP

By: _/s/ Walter L. Williams_____
                          Walter L. Williams
                          8444 Westpark Drive, Suite 510
                          McLean, Virginia 22102
                          (703) 245-9300 Telephone
                          (703) 245-9301 Facsimile

31110.1

- 13 -

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and exact copy of the foregoing Defendant Siemens Building Technologies, Inc.'s Answer To Plaintiffs' Amended Complaint And Cross-Claim Against Defendant Permanent Solution Industries, Inc. was mailed, postage prepaid, this 27th day of June 2005, to:

>Shirlie Norris Lake, Esquire
>Terri L. Goldberg, Esquire
>Eccleston & Wolf, P.C.
>7th Floor, Scarlett Place
>729 E. Pratt Street
>Baltimore, Maryland 21202-4460
>
>Byong Y. Kim
>President and Registered Agent
>Permanent Solution Industries, Inc. a/k/a
>PSI Facilities Management
>5400 Eisenhower Avenue
>Alexandria, Virginia 22304

　　　　　　　　　　　　　　　　　　　　　　　Walter L. Williams

31110.1