IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PHILADELPHIA INDEMNITY INSURANCE COMPANY, *et al.* <br><br> Plaintiffs <br><br> v. <br><br> PERMANENT SOLUTION INDUSTRIES, INC., *et al.* <br><br> Defendants | * <br> * <br> * <br> *    Civil Action No.: 05-CV-1005 <br> * <br> *    JUDGE LAMBERTH <br> * <br> * <br> * |

\* \* \* \* \* \* \* \* \* \* \* \*

## DISCOVERY CONFERENCE REPORT

All parties to the captioned case, by undersigned counsel, respectfully submit this Discovery Conference Report in accordance with Local Rule 16.3 and Federal Rule 26.

On September 15, 2005, counsel for all parties conferred concerning each of the matters set forth in Local Rule 16.3(c). In accordance with Local Rule 16.3(d), this written report outlines the parties' proposed discovery plan and the agreements reached concerning the fourteen matters set forth in Local Rule 16.3(c). Additionally, the parties jointly will submit a proposed Scheduling Order with this report, agreed to by all parties, for the Court's consideration.

1. The parties agree that LRCV 16.3(c)(1), concerning preliminary dispositive motions, is not applicable, as the Defendants answered the Complaint and Cross-Claims and no motions are pending.

2. The parties agree that any other party should be joined or the pleadings amended by 30 days prior to the close of discovery, as set forth in the proposed Scheduling Order.

3. The parties agree that the case should not be assigned to a magistrate judge.

4. The parties agree that there is a realistic possibility of resolving the captioned case and that the Court's Alternative Dispute Resolution ("ADR") procedures would be beneficial.

1

The point in the litigation when ADR would be most appropriate is after a some fact discovery has been completed, but prior to any expert discovery taking place, so as to avoid expert witness litigation expenses, if the case can be resolved. Concerning LRCV 16.3(c)(5)(v), cost saving advantages of ADR, the parties do not request a stay of discovery, but included an ADR deadline in their proposed Scheduling Order and allowed 45 days after the completion of fact discovery, but before the expert discovery deadline, to conduct ADR. There are no legal issues known at this time that require judicial resolution prior to ADR.

5.  The parties included deadlines for filing dispositive motions in their proposed Scheduling Order.

6.  The parties agreed to dispense with the initial disclosures require by Rule 26(a)(1), with the Court's permission, as this information will be provided sooner in Answers to Interrogatories.

7.  The parties agreed to discovery deadlines. The specific dates are set forth in the parties' joint proposed Scheduling Order, filed herewith.

8.  The parties agreed to exchange expert witness disclosures pursuant to Rule 26(a)(1) and agreed to deadlines for serving reports and completing expert discovery, as set forth in the proposed Scheduling Order.

9.  The parties do not believe that this action should be bifurcated.

10. The parties request that the Court set the Pre-Trial Conference for a date in March of 2007. The parties request that the Court order that a trial date will be set at the Pre-Trial Conference (rather than setting a firm trial date at the first Scheduling Conference, if any).

Respectfully submitted,

_____
Shirlie Norris Lake, Esquire, Bar No.: 454327
Terri L. Goldberg, Esquire, Bar No.: MD09698
Eccleston & Wolf, P.C.
7th Floor, Scarlett Place
729 E. Pratt Street
Baltimore, Maryland 21202-4460
(410) 752-7474
*Attorneys for Plaintiff Philadelphia Indemnity Insurance Co.*


_____
Timothy Lynch (TG per express authority)
Timothy Lynch, Esquire
Offit, Kurman, Yumkas & Denick, P.A.
8171 Maple Lawn Boulevard, Suite 200
Maple Lawn, MD 20759
*Attorneys for Plaintiffs The Chimes and The Chimes D.C.*


_____
Nathalie Noon (TG per express authority)
Terence J. O'Connell, Esquire
Nathalie I. Johnson-Noon, Esquire
O'Connell, O'Connell & Sarsfield
401 E. Jefferson Street, Suite 204
Rockville, MD 20850
(301) 424-2300
*Attorneys for Defendant Permanent Solution Industries, Inc.*


_____
Walter Williams (TG per express authority)
Walter Williams, Esquire
Wilson, Elser, Moskowitz, Edelman & Dicker, LLP
8444 Westpark Drive, Suite 510
McLean, Virginia 22102
*Attorneys for Defendant Siemens Building Technologies, Inc.*

3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of September, 2005, a copy of the foregoing Discovery Conference Report was served electronically to:

Timothy Lynch, Esquire
Offit, Kurman, Yumkas & Denick, P.A.
8171 Maple Lawn Boulevard, Suite 200
Maple Lawn, MD 20759
*Attorneys for Plaintiffs The Chimes and The Chimes D.C.*

Terence J. O'Connell, Esquire
Nathalie I. Johnson-Noon, Esquire
O'Connell, O'Connell & Sarsfield
401 E. Jefferson Street, Suite 204
Rockville, MD 20850
*Attorneys for Defendant Permanent Solution Industries, Inc.*

Walter Williams, Esquire
Wilson, Elser, Moskowitz, Edelman & Dicker, LLP
8444 Westpark Drive, Suite 510
McLean, VA 22102
*Attorneys for Defendant Siemens Building Technologies, Inc.*

_____
Terri L. Goldberg